UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRANDON KONIECZKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18 CV 260 |
| | ) |
| REST HAVEN ILLIANA CHRISTIAN | ) |
| CONVALESCENT HOME, INC. *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendants' partial motion to dismiss. (DE # 17.) For the reasons identified below, defendants' motion will be granted in part.

I.   BACKGROUND

Plaintiff Brandon Konieczka alleges that defendants Rest Haven Illiana Christian Convalescent Home, Inc. and Park Place Christian Community of St. John, Inc. discriminated against him on the basis of his disability and religion. (DE # 1.) Defendants terminated plaintiff's employment in January 2018. (*Id.* at 3.) On February 22, 2018, plaintiff filed a Charge of Discrimination ('the Charge") with the Equal Employment Opportunity Commission ("EEOC").[1] (*Id.* at 2.)

Plaintiff's EEOC charge contains a variety of allegations. Plaintiff check-marked the boxes indicating that defendants discriminated against him based on his religion and disability. (DE # 1-1 at 1.) He explained that defendants were aware of his disability "due to

---

[1] Plaintiff attached his EEOC charge to his complaint, and thus this court may properly consider the statements in the Charge within the confines of a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 10(c).

a drug screening test" and that defendants were also aware of his learning disability. (*Id.*) He claimed that he was treated differently than other employees. (*Id.*) For example, he claimed that he was given written instructions, instead of the verbal instructions other employees were given. (*Id.*) He also claimed that he was denied a promotion, and his hours and wages were cut. (*Id.*)

According to the Charge, in January 2018 plaintiff was suspended for wearing a black ski mask to work. (*Id.* at 3.) Plaintiff claimed that he wore the mask to help with his asthma in the cold weather. (*Id.*) In a meeting with his supervisor regarding his suspension, plaintiff's supervisor asked him whether he had conversations with his co-workers about hurting other people in a terrorist attack. (*Id.*) Plaintiff's EEOC charge alleged that the day after this conversation he was terminated for exhibiting intimidating behavior. (*Id.*) He also alleged that throughout his employment he was subjected to harassment and intimidation for declining invitations to attend church with his coworkers. (*Id.*)

Defendants now move to dismiss Counts I and III of plaintiff's complaint.[2] (DE # 17.) In Count I, plaintiff alleges that defendants failed to provide a reasonable accommodation for his disability. (DE # 1 at 3.) In Count III, plaintiff alleges that defendants discriminated against him on the basis of his religion. (*Id.* at 5.) Defendants argue that these counts must be dismissed because plaintiff did not include these allegations in the Charge, and therefore failed to exhaust his administrative remedies with respect to these claims. (DE # 18.)

---

[2] Defendants' motion also sought the dismissal of Counts IV and V. However, the parties subsequently stipulated to the dismissal of these claims. (*See* DE # 24.)

## II. LEGAL STANDARD

Defendants have moved to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. DISCUSSION

### A. *Plaintiff did Not Exhaust his Failure to Accommodate Claim*

"An ADA plaintiff must file a charge with the EEOC before bringing a court action against an employer. [A] plaintiff is barred from raising a claim in the district court that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018) (internal citations and quotation marks omitted). "To be 'like or reasonably related,' the relevant claim and the EEOC charge 'must, at minimum, describe the same conduct and implicate the same individuals.'" *Moore v. Vital Prod., Inc.*, 641 F.3d 253, 256–57 (7th Cir. 2011) (quoting *Cheek v.*

*W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)). "This rule serves two purposes: affording the EEOC the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). "Courts review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015).

A failure to accommodate claim is separate and distinct from a discrimination claim, and is analyzed differently under the law. *Riley*, 909 F.3d at 189–90; *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999). These types of claims are not reasonably related and an employer could not reasonably expect a failure to accommodate claim to develop from an investigation into a charge of disability discrimination. *Riley*, 909 F.3d at 190 (failure to accommodate claim was outside the scope of plaintiff's disability discrimination EEOC charge where charge did not include any allegation that he was denied an accommodation); *Green*, 197 F.3d at 898 (same).

Here, plaintiff's EEOC charge does not identify any accommodation that he needed, requested, or was denied. The case law establishes that his disability discrimination claim in his EEOC charge is not "like or reasonably related to" his present failure to accommodate claim. *See Riley*, 909 F.3d at 190. Thus, plaintiff failed to exhaust his accommodation claim and Count I of his complaint will be dismissed.

  B.  *Plaintiff Exhausted his Religious Discrimination Claim*

Unlike his accommodation claim, plaintiff's religious discrimination claim falls within the scope of his EEOC charge. In the Charge, plaintiff claims that his supervisor

4

questioned him about whether he had spoken to coworkers about hurting people in a terrorist attack. (DE # 1-1 at 2.) The following day, he was terminated for exhibiting intimidating behavior. (*Id.*) He also alleges that he was "subjected to harassment and intimidation" because he declined to attend church with other staff members. (*Id.*) Moreover, he check-marked the box indicating that his EEOC charge was raising a claim of religious discrimination, and he explicitly stated at the end of the Charge that he believes he was subjected to religious discrimination. These factual allegations sufficiently raised the issue of religious discrimination in his EEOC charge, and plaintiff has therefore exhausted his administrative remedies with respect to this claim.

## IV. CONCLUSION

For these reasons, the court **GRANTS** defendants' partial motion to dismiss (DE # 17), in part. The court **GRANTS** defendants' motion with respect to Count I (failure to accommodate) and **DENIES** defendants' motion with respect to Count III (religious discrimination).

**SO ORDERED.**

Date: May 20, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT